UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| JANET L. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 08-2178 |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| sued as Michael J. Astrue, | ) |
| | ) |
| Defendant. | ) |

# REPORT AND RECOMMENDATION

On August 24, 2009, the Court entered an Order (#23) which accepted Reports and Recommendations (#20) and (#21). The Order specifically provided, "This case is remanded to the Administrative Law Judge for the ALJ to adequately explain his reasoning regarding Plaintiff's claims of depression and for the ALJ to consider Plaintiff's obesity and explain his reasoning regarding its effect on her condition."

Thereafter, Plaintiff filed Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act (#25). In response, Defendant filed Defendant's Opposition to Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act (#26). Defendant did not challenge the reasonableness of the fees in terms of hours expended or hourly rate used. Rather, Defendant asserted that Plaintiff is not entitled to fees because his position was substantially justified. If so, fees are not recoverable under the act.

As the Judge who filed the aforementioned Reports and Recommendations, the undersigned is familiar with the administrative record, as well as the arguments raised by the parties in their respective motions for summary judgment. It is that familiarity which forms the basis for the recommendation regarding the request for fees.

The court has authority to award to a prevailing party, other than the United States, any fees and other expenses, unless the court finds the government was substantially justified.

28 U.S.C.A. § 2412(d)(1)(A). The government has the burden of proving its position was substantially justified. To establish justification, the government must show: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the theory propounded." *Conrad v. Barnhart*, 434 F.3d 987 (7th Cir. 2006). The Seventh Circuit has stated, "'Substantially justified' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Furthermore, something is "substantially justified" if there is a "reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct." *Marcus v. Shalala*, 12 F.3d 1033, 1036 (7th Cir. 1994) (quoting *Pierce*, 487 U.S. at 566).

In this case, Plaintiff had sarcoidosis which she treated with prednisone, a steroid, which in turn caused Plaintiff to suffer from obesity. The Commissioner argued that the ALJ relied on opinions from doctors who themselves were aware of Plaintiff's obesity. The Commissioner further pointed out that the Plaintiff does not say how it limits her further. The Commissioner additionally argued that the Plaintiff merely asserts that an obese woman could not perform light work. This court has previously agreed with the Commissioner that an ALJ may take obesity into account by reference to doctors' opinions. However, here the records the ALJ chose to cite were records that did not reflect Plaintiff's treatment induced obesity. Additionally, while Plaintiff does not suggest what further limitations her obesity has on her daily activities, SSR 02-1p states that obesity often complicates respiratory diseases, which is what Plaintiff has here. Thus, the Commissioner had a reasonable basis in law, but the factual basis was inadequate.

The Commissioner argued that the Plaintiff bears the responsibility of providing evidence of her mental impairment. (Defendant's brief at 14.) The Commissioner noted that Plaintiff did not apply for disability because of a mental impairment, and that the record appears to refer to Plaintiff's self-reports of depression. The Plaintiff did not apply for disability because of

depression, was only diagnosed with it based on self reports, was never treated, and only brought it to the ALJ's attention in her pre-hearing brief. As a result, the Court found these arguments to be reasonable. However, in light of the obesity error, the Court found the lack of consideration of Plaintiff's depression to be error. Nevertheless, the Commissioner's arguments were substantially justified in fact and law.

The Commissioner was correct in arguing that the ALJ's credibility determinations as to the Plaintiff were justified and proper. The Court found that the ALJ's reasoning as to Plaintiff's credibility was substantially justified, and did not constitute patent error. Accordingly the Commissioner's arguments that flow from the ALJ's credibility determination were substantially justified.

The Commissioner argued that the hypothetical to the VE was correct. The Commissioner argued that the Plaintiff did not raise an objection to the VE's classification of her jobs, and did not object to the VE's testimony at the hearing, and thus the ALJ reasonably relied on the VE's testimony. The Court agrees that the ALJ reasonably relied on the VE. The Commissioner also argued that the ALJ never had a duty to qualify the skill level of which Plaintiff was capable of working. The Court agrees with the Commissioner that the ALJ's duty to determine a transferable skill level did not arise, as the ALJ did not proceed to step five. The Commissioner's final argument regarding the hypothetical given to the VE pertained to the issues of depression and obesity, addressed above.

The court must undertake a global analysis of the government's position because whether that position was substantially justified will rarely be decided by a single issue. *Harris v. Astrue*, 2008 WL 410577, *2 (N.D. Ind. Feb. 11, 2008) (citing *U.S. v. Hallmark Const. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000)). Here, although the Commissioner has some arguments that were rejected by the Court, as a whole the Commissioner was substantially justified in his support of the ALJ's decision. Therefore, the Commissioner's position has a "reasonable basis in law and fact" and is "substantially justified," as required by the Seventh Circuit. Attorney's fees should not be awarded.

Accordingly, I recommend pursuant to authority conferred to me under 28 U.S.C. § 636(b)(1)(B) that Plaintiff filed Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act **(#25)** be **DENIED**.

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within 14 working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

ENTER this 11th day of December, 2009.

        s/ DAVID G. BERNTHAL
        U.S. MAGISTRATE JUDGE